NOT FOR PUBLICATION



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES WILLIAMS, | : | |
| Plaintiff, | : | Civil No. 06-3497 |
| v. | : | |
| GARY P. HESLIN, et al., | : | **OPINION** |
| Defendants. | : | |

This matter comes before the Court upon motions by pro se plaintiff Charles Williams ("Plaintiff") for entry of a default judgment against and to compel discovery from defendants Gary P. Heslin ("Heslin"), Heslin & Lam, and Dam Q. Lam, Esquire (collectively "Defendants"). For the reasons set forth below, Plaintiff's motions will be denied.

Plaintiff's motion stems from a complaint filed against his former counsel, Michael Heslin, as well as Heslin's law firm, Heslin & Lam. In the complaint, Plaintiff sought damages under 42 U.S.C. §1983 for denial of due process, ineffective assistance of counsel, legal malpractice, breach of contract, trespass, assumpsit, fraud, negligence, gross negligence, misuse of authority, breach of instructions, and deliberate indifference. Plaintiff alleges that in 1999, while an inmate at SCI-Rockview, he sustained an inguinal hernia and a strained back after the prison administration allowed an inmate to discipline him. (Compl. ¶ 7.) Plaintiff commenced a civil rights action against the Department of Corrections and various individuals within the

Department and hired attorney Heslin to represent him. (Compl. ¶¶ 14-17.) Under the terms of their agreement, Heslin committed to representing Plaintiff for thirty percent of any damages awarded to Plaintiff and to provide Plaintiff with copies of all paperwork in the lawsuit. (Compl. ¶ 16.) As the representation proceeded, Plaintiff alleges that Heslin failed to keep him informed about the case and did not comply with his request that Heslin file a motion for default judgment. (Compl. ¶¶ 17-24.) Plaintiff ultimately lost his case when the Department of Corrections was awarded judgment on the pleadings. (Compl. ¶ 25.) Plaintiff filed a complaint against Defendants on August 8, 2006, alleging that Heslin's actions were ineffective and fell below the normal standards of skill and knowledge for an attorney. (Compl. ¶ 25.) Subsequently, the Plaintiff filed the motion for default judgment and motion for an order compelling discovery at issue here.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. <u>Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.</u>, 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . , the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit emphasized that such "discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

Although the Court should accept as true the well-pleaded factual allegations of the

Complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59, 63 (3d ed. 1998)). Consequently, before granting a default judgment, the Court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Asher, 2006 WL 680533, at *1 (citing Directv, Inc. v. Croce, 332 F. Supp. 2d 715, 717 (D.N.J. 2004); Wright, Miller, & Kane, § 2688, at 63).

A motion to compel discovery is made pursuant to Fed. R. Civ. P. 37(a)(2)(A), which reads in pertinent part: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. . . ." A Rule 37 motion to compel discovery is controlled by Rule 26(b)(1) which sets forth the standard against which the inquiries are to be measured. Discovery is generally allowed if the information sought is "relevant to the subject matter involved in the pending action." The discovery rules are to be construed liberally in favor of the party seeking discovery. Hickman v. Taylor, 329 U.S. 495 (1947).

### III. DISCUSSION

#### A. Motion for Default Judgment

Plaintiff is not entitled to entry of default judgment against Defendants because Defendants have yet to be properly served with Plaintiff's complaint. A court does not have personal jurisdiction in cases where service of process has not been properly made. Lampe v.

Xouth, Inc., 952 F.2d 697, 700-701 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding in the case."). Therefore, before analyzing whether the Complaint states a cause of action sufficient to warrant entry of default judgment, the Court must satisfy itself that service of process has properly been made on the defendants. See D'Onofrio v. Ill Mattino, 430 F. Supp. 2d 431, 438 (E.D. Pa. 2006); Gold Kist, Inc., v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of a complaint is, a fortiori, void, and should be set aside.").

Under Rule 4(c)(2), a party who is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, must direct service to be "effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose." Fed. R. Civ. P. 4(c)(2). Although the Plaintiff has filed his motions with the court, there is no evidence that the U.S. Marshals have effected service. The electronic docket reviewed by the Court contains no entry indicating that proper service has been effected and acknowledged. Thus, without proper service, the Court cannot exercise personal jurisdiction over Defendants and cannot enter an order of judgment against them.

### B.    Motion to Compel Discovery

Plaintiff's motion to compel discovery is rendered moot by the Court's above conclusion that it cannot currently exercise personal jurisdiction over Defendants. If service of process is properly effected in the future and the lawsuit is properly initiated, then the rules of discovery will apply. However, it is important to note that the initial disclosure requirements of Rule 26 do

not apply in this case, because this case is "an action brought without counsel by a person in custody of the United States." Fed. R. Civ. P. 26(a)(1)(E)(iv).

## IV. CONCLUSION

Based on the foregoing reasoning, this Court will deny Plaintiff's motion for entry of default judgment. This Court will further deny Plaintiff's motion to compel discovery. An accompanying Order shall issue today.

Dated: 9-27-07

ROBERT B. KUGLER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES WILLIAMS, | |
| Plaintiff, | Civil No. 06-3497 |
| v. | |
| GARY P. HESLIN, et al., | **ORDER** |
| Defendants. | |

THIS MATTER having come before the Court upon motions by plaintiff Charles Williams ("Plaintiff") for entry of default judgment against and to compel discovery from Defendants Gary P. Heslin, Heslin & Lam, and Dam Q. Lam, Esquire ("Defendants"); and the Court having considered the moving papers; and for the reasons expressed in the Opinion issued this date;

IT IS HEREBY **ORDERED** that Plaintiff's motion for entry of default judgment is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's motion to for an order compelling discovery is **DENIED**.

Dated: 9-27-07

ROBERT B. KUGLER
United States District Judge