

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES WILLIAMS             :      CIVIL ACTION
                             :
       v.                    :
                             :
GARY P. HESLIN, ET AL.       :      NO. 06-3497

M E M O R A N D U M

KUGLER, J.                                  JANUARY    , 2009

      Plaintiff, an inmate, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against Gary P. Heslin, Esq., and the law firm of Heslin and Lam and Dam Q. Lam, Esq.[1] Plaintiff alleges that Mr. Heslin failed to provide effective assistance of counsel in a federal civil rights action which plaintiff brought in the United States District Court for the Middle District of Pennsylvania, Civil Action No. 01-2345, thereby denying him due process of law.

      In an amended complaint, plaintiff asserts that Mr. Heslin's actions also caused him to suffer "racial discrimination in violation of the Fourteenth Amendment of the United States Constitution, Denial of Equal Protection of the Law in violation of the Fourteenth Amendment of the United States Constitution, Denial of the plaintiff's right to petition the Court in

---

1. Plaintiff asserts only that "Heslin and Lam and Dam Q. Lam is the law firm that employed" Mr. Heslin at the time he served as plaintiff's legal counsel. No specific claims have been made against the law firm.

violation of the Eighth Amendment of the U.S. Constitution, and ineffective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution."

In addition to jurisdiction under § 1983, plaintiff asserts federal jurisdiction over his "state law tort claims under 28 U.S.C. § 1367."[2] He seeks relief in the nature of compensatory and punitive damages.

With his complaint, plaintiff filed a request for leave to proceed in forma pauperis, which will be granted. However, the complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e), for the reasons which follow.

## I. STANDARD OF REVIEW

The standard under which a district court may dismiss an action as frivolous under 28 U.S.C. § 1915(e) was clarified by the Supreme Court in Neitzke v. Williams, 490 U.S. 319 (1989). Dismissal under § 1915(e) is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." Id. at 327.

## II. DISCUSSION

To prevail in this § 1983 action, plaintiff must show that his legal counsel, Gary P. Heslin, Esq., deprived him of a constitutional right while acting under color of state law. See

---

2. Plaintiff alleges "torts of legal malpractice, breach of contract, trespass, assumpsit, fraud, negligence, gross negligence, misuse of authority, breach of instructions, [and] deliberate indifference."

Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); see also Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993) (listing elements of a § 1983 claim). However, private attorneys do not act under color of state law, regardless of their position as officers of the Court. Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 276 (3d Cir. 1999); see also Polk County v. Dodson, 454 U.S. 312, 318 (1981).

Plaintiff has provided no reason, nor can any reason be inferred from the record in this case, for the Court to conclude that Mr. Heslin acted under color of state law when he served as plaintiff's legal counsel. Thus, plaintiff has failed to state a cognizable violation of his civil rights.

Accordingly, plaintiff's § 1983 claims will be dismissed as legally frivolous, and, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over plaintiff's state tort claims.[3]

## II. CONCLUSION

Because plaintiff has advanced an "indisputably meritless legal theory," Neitzke, supra at 327, the Court is empowered to dismiss this action as legally frivolous pursuant to 28 U.S.C. § 1915(e).

An appropriate order follows.

---

3. Section 1367(c)(3) provides: "(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if- . . . (3) the district court has dismissed all claims over which it has original jurisdiction, . . ."

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES WILLIAMS              :    CIVIL ACTION
                              :
        v.                    :
                              :
GARY P. HESLIN, ET AL.        :    NO. 06-3497

O R D E R

AND NOW, this 29th day of January, 2009, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis is GRANTED;

2. Plaintiff's complaint is DISMISSED as legally frivolous, for the reasons stated in the accompanying memorandum;

3. Plaintiff, Charles Williams, BA-0562, shall pay the filing fee of $350. The Superintendent or other appropriate official at SCI-Albion, where plaintiff is presently confined, or at any other prison at which plaintiff may be confined, shall deduct from plaintiff's inmate account, each time that plaintiff's account exceeds $10, an amount no greater than 20 percent of the money credited to his account during the preceding month and forward that amount, to be credited to Civil Action No. 06-3497, to the Clerk of Court, 2609 U.S. Courthouse, 601 Market St., Philadelphia, PA 19106, until the full filing fee is paid; and

4. The Clerk of Court is directed to send a copy of this order to the Superintendent of SCI-Albion.

BY THE COURT:

ROBERT B. KUGLER, J.

FILED
JAN 30 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Mailed
2.2.09
Hon. R. Kugler
C. Williams
WARDEN P.P.
SCI ALBION